UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JAMES E. COHAN,<br><br>            Plaintiff,<br><br>vs.<br><br>JUDGE BROWN, et al.,<br><br>           Defendant. | Case No. 2:21-cv-01807-GMN-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1); COMPLAINT (ECF NO. 1-1); APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 3) |

      Pro se plaintiff James E Cohan filed two applications to proceed in forma pauperis (ECF Nos. 1 and 3) and a complaint (ECF No. 1-1). I grant Cohan's updated in forma pauperis application (ECF No. 3) and deny the first filed application as moot (ECF No. 1). I dismiss his complaint without prejudice with leave to amend (ECF No. 1-1).

### DISCUSSION

      Cohan's filings present two questions: (1) whether Cohan may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Cohan's complaint states a plausible claim for relief.

**I.**     **Whether Cohan May Proceed In Forma Pauperis**

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938,

940 (9th Cir. 1981) (citation omitted). Consideration of a party's ability to pay the filing fee is not limited to the IFP application itself, "the court may look beyond the application to determine his financial condition." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004) (internal quotation and alteration omitted).

Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. ECF No. 1. Plaintiff states in his updated affidavit that he receives no wages, that he receives Veteran's benefits worth $1,160 per month, and that he has at least $550 worth of expenses per month. *Id.* I grant his IFP application.

## II. Whether Cohan's Complaint States a Plausible Claim

### a. Legal Standard

Because I grant Cohan's application to proceed *in forma pauperis*, I must review Cohan's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)). If the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Plaintiff's Complaint

Plaintiff alleges that on April 22, 2018, he was arrested; then on April 26, 2018 he appeared for a video hearing and received a sentence to pay a $250 dollar fine within a year. ECF No. 1-1 at 2. On November 3, 2018, police officers told him he had a warrant for a threatening phone call he made to Cox Cable in 2016, but he told the officers he already appeared for the warrant and still had time to pay his $250 fine. *Id.* He alleges that that officers then told him he had to go to jail. *Id.* He alleges that on November 26, 2018, he met with his public defender, Mr. Taylor, prior to a video hearing in Municipal Court: he alleges during his video appearance Judge Brown released him. *Id.* at 3. He alleges that on January 9, 2019, he appeared in Judge Brown's courtroom and requested that he be allowed to fire public defender Taylor because Taylor, "was a dump truck that abandoned his client and took the side of the prosecution." *Id.* Judge Brown granted his request and allowed him to proceed pro se. *Id.* Plaintiff alleges that Judge Brown did not dismiss the charge and ordered him to do community service by March 2019. *Id.* He admits that he did not do the community service, "because he feals [sic] the fine should have been dismissed based on the constitutional violations." *Id.* Plaintiff also admits in his complaint that he did not go to court in March 2019. *Id.*

Plaintiff alleges that on February 4, 2020, he was arrested for battery, but even though the battery charges were dismissed, he was transported to the city jail on a warrant issued by Judge Brown. *Id.* Plaintiff alleges that after an argument with Judge Brown, Judge Brown sentenced him to 120 days with "time served" based on his incarceration from November 3, 2018 through November 26, 2018. *Id.*

Plaintiff alleges that this is evidence that Judge Brown violated his constitutional rights. *Id.* Plaintiff alleges that Judge Brown; Clark County District Attorneys Bill Smith, John Doe, and Jane Doe; and Metropolitan Police Officers Steven Doe and Joe Smith violated his Fifth Amendment rights (double jeopardy) and his Fourteenth Amendment rights (due process). *Id.* at 4-5.[1]

### i. Legal Standard

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the individual defendant was able to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

The Double Jeopardy Clause of the Fifth Amendment protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656 (1969). The Fourteenth Amendment's due process clause requires the government to

---

[1] I note that this is not the first-time plaintiff has filed a civil rights complaint in this Court. Plaintiff previously filed three similar civil rights complaints, but there were issues with his IFP applications. *See Cohan v. Brown et al.,* 2:20-cv-01187-RFB-EJY; *Cohan v. Brown et al*, 2:20-cv-00692-APG-EJY; *Cohan v. Smith*, 2:21-cv-00531-APG-NJK. This Court dismissed plaintiff's other civil rights complaints on the merits. See *Cohan v. Glasgau*, 2:21-cv-01171-GMN-NJK (Judge Koppe dismissed his complaint without prejudice to refile. This case is pending on the docket); *Cohan v. Brown et al*, 2:20-cv-01185-APG-BNW, ECF Nos. 8 and 9 (Judge Gordon dismissed plaintiff's claims against Judge Brown, the district attorneys, and the public defenders with prejudice and dismissed his claims against individual officers without prejudice); *Cohan v. Lombardo et al*, 2:17-cv-01651-JCM-NJK, ECF Nos. 23 and 30 (Judge Mahan dismissed plaintiff's civil rights complaint against law enforcement regarding his non-compliance with the sex offender registration law.)

provide notice and an opportunity to be heard before it can deprive a person of life, liberty, or property. See *Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008). In *Heck v. Humphrey*, the U.S. Supreme Court held that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. 477, 490, 114 S. Ct. 2364, 2374, 129 L. Ed. 2d 383 (1994).

"Absolute immunity is generally accorded to judges…functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity applies to claims arising under § 1983. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To determine if a given action is judicial…courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain immunity even when they misinterpret the law or when their actions are erroneous and malicious. See *Wilson v. Ayers*, No. 2:07-CV-01283-LRHLRL, 2009 WL 1940102, at 2 (D. Nev. July 7, 2009), aff'd, 470 F. App'x 654 (9th Cir. 2012)(collecting cases).

Deputy District Attorneys are also immune from suit in this case. Prosecutors are entitled to immunity from Section 1983 suits "when [they] act within the scope of [their] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). To maintain a Section 1983 claim against a prosecuting attorney, there must be proof that the prosecutor "acted outside of [his] prosecutorial function to the injury of the plaintiff." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 777 (9th Cir. 2001).

State officers sued in their official capacity are not "persons" under § 1983 and may not be sued under the statute. *Hafer v. Milo*, 502 U.S. 21, 27 (1991); *Aguon v. Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003). Official capacity claims filed against state officials are an alternative way of pleading a claim against the entity for which the defendant is an officer. See *Hafer,* 502 U.S. at 25. In an official capacity claim, a plaintiff must demonstrate that a policy or custom of the governmental entity for which the official is an agent was the moving force behind the violation. *See id.* State officials sued in their personal capacity are persons for purposes of § 1983. See *Hafer,* 502 U.S. at 31*; Porter v. Jones,* 319 F.3d 483, 491 (9th Cir. 2003).

ii. **Analysis of Plaintiff's Claims**

Plaintiff's double jeopardy claim in this Section 1983 case necessarily implies the invalidity of his conviction(s). See *Heck,* 512 U.S. at 486-87. Plaintiff has not alleged that any of his convictions have been invalidated by any court. Plaintiff has not plausibly alleged a double jeopardy violation per Section 1983 and his Fifth Amendment claim must be dismissed. Regarding the Fourteenth Amendment, Cohan does not allege he was deprived of notice or the opportunity to be heard regarding the warrants. It appears Cohan's allegations are connected to the confusion about the time he appeared in court prior to appearing before Judge Brown. I dismiss his Fourteenth Amendment claims.

Even liberally construing Cohan's complaint, I find that the claims against Judge Brown are barred by judicial immunity. Judge Brown's actions constituted judicial acts because they were taken as

part of his normal function as a judge; the events occurred at court hearings; the events related to a case pending before him; and his acts were done in his official capacity. Cohan does not allege facts indicating that Judge Brown's actions were not judicial acts or that Judge Brown acted in clear absence of all jurisdiction. Cohan's claims against Judge Brown are barred by judicial immunity.

Plaintiff appears to allege that the three Deputy District Attorneys violated his constitutional rights for prosecuting him before Judge Brown. The violations identified by plaintiff's complaint relate to actions taken by the Deputy District Attorneys within the scope of their prosecutorial duties. Based on the allegations the plaintiff presents, they are immune from suit. Regarding the police officers, plaintiff makes claims against them in their official capacities. Plaintiff does not allege an ordinance, regulation, decision, or custom to sue the officers in their official capacity. See *Hafer*, 502 U.S. at 25. He has also has not alleged any facts that the police department has a policy or custom that is the moving force behind the alleged constitutional violations. Plaintiff may be able to allege claims against the officers in their individual capacity. I think it is unlikely, however, given that his conviction has not been overturned. Nevertheless, I will allow plaintiff an opportunity to amend. If plaintiff chooses to amend, the amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

ACCORDINGLY,

I ORDER that Cohan's second application to proceed in forma pauperis (ECF No. 3) is GRANTED; I DENY his first application (ECF No. 1) as MOOT.

I FURTHER ORDER that Cohan's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDERED that Cohan has until Friday, December 10, 2021, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that

addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if an amended complaint is filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 10th day of November 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE